UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

Johnny Nealy, #279082,                )
        Petitioner,                )        C/A No. 3:08-871-GRA-JRM
vs.                                   )
                                      )        <u>Order</u>
Warden, Lieber Correctional           )
 Institution,                         )
        Respondent.                )

This matter comes before the Court for a review of the magistrate's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., filed on October 3, 2008. The petitioner originally filed for relief under 28 U.S.C. § 2254, on March 17, 2008. The respondent filed a motion for summary judgment on May 12, 2008. The Court issued an order pursuant *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on May 16, 2008, advising the petitioner about the consequences of failing to respond to the respondent's motion. On June 4, 2008, the petitioner filed a response.

The magistrate recommends granting the respondent's motion for summary judgment and dismissing the petition with prejudice. The petitioner filed objections on November 5, 2008. For the reasons stated herein, notwithstanding the petitioner's objections, this Court adopts the magistrate's Report and Recommendation in its entirety.

## Standard of Review

Plaintiff brings this claim *pro se.* This Court is required to construe *pro se*

pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454  U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*  In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983).  The petitioner filed timely objections.

In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). This Court will construe the petitioner's objections liberally, but it will only address the petitioner's specific objections.

## Objections

The plaintiff's primary objection is that the magistrate fails to address his actual argument. The petitioner objects that his actual argument is that the State violated the plea agreement, and that the his attorney should have objected. Moreover, the petitioner argues that this failure to object constitutes ineffective assistance of counsel within the standards set forth by the supreme court in *Strickland v. Washington* and *Hill v. Lockhart.*

Thus, the petitioner's objections are dependant on a ruling that the solicitor violated the plea agreement. Generally, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499 (1971). However, in a plea agreement, the party attempting to enforce the plea agreement must first demonstrate that they fulfilled their end of the bargain. *United States v. Snow*, 234 F.3d 187, 189 ( 4th Cir. 2000). The failure of a defendant to fulfill his pretrial agreement relieves the

government of its reciprocal obligation.  *United States v. Skidmore*, 998 F.2d 372, 375 (6th Cir. 1993).

The petitioner has failed to establish that he fulfilled his end of the plea agreement.  The plea offered by the solicitor provided:

> IN EXCHANGE FOR THE DEFENDANT'S COMPLETE AND TRUTHFUL TESTIMONY REGARDING THE MURDER OF BILLY RAY BROWN AND RONNIE MCDOWELL, AND THE DEFENDANT'S PLEA OF GUILTY TO TWO COUNTS OF MURDER, THE STATE WILL AGREE TO DISMISS THE INDICTMENTS FOR LYNCHING AND CRIMINAL CONSPIRACY AND WILL AGREE THAT ANY SENTENCES IMPOSED SHALL BE CONCURRENT.  FURTHER, THE STATE AGREES TO INFORM THE COURT AT SENTENCING OF THE DEFENDANT'S LEVEL OF COOPERATION.

Thus, the plea agreement was, as evidenced by the terms "in exchange for," dependant upon the petitioner's cooperation with the solicitor.  At sentencing the judge found that initially the petitioner was willing to cooperate with the solicitor's office. (Tr. at 39:8-16) However, the other actors implicated included his sister and his mother, about whose involvement he refused to testify. (Tr: 39 8-16).  Thus, the breaching party to the plea agreement was not the State or the petitioner's attorney, but instead the petitioner.  Moreover, as the PCR judge noted, the trial Judge, Judge Cottingham was more than clear with the defendant that he would be receiving life in prison if he plead guilty.  Accordingly, this Court is finds that the record clearly establishes that the petitioner was unwilling to testify against his mother, and hence did not fulfill his obligation under the plea agreement.  Accordingly, because the solicitor did not violate the plea agreement, the petitioner's counsel cannot be ineffective for failing to assert the cause of action.

**Conclusion**

After a thorough review of the record, magistrate's Report and Recommendation, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Recommendation in its entirety. It is therefor ORDERED that the Respondent's motion for summary judgement be GRANTED and the petition be DISMISSED.

IT IS SO ORDERED

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
November  13, 2008

**NOTICE OF RIGHT TO APPEAL**
Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**